FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 AUG 12 PM 12: 40

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

REGINALD CHARLES HARVEY,        )
                                )
        Petitioner,              )
                                )
    v.                          )    CV 311-074
                                )
THOMAS H. CORBIN, Sheriff,      )
                                )
        Respondent.              )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Reginald Charles Harvey, a pre-trial detainee presently confined at the Truetlen County Jail in Soperton, Georgia, ostensibly brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.[2]

## I. BACKGROUND[3]

Petitioner alleges that he was arrested in Tennessee on December 30, 2010, following

---

[1] As explained below, the Court construes Petitioner's filing as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243.

[3] In a simultaneously filed Order, the Court has addressed Petitioner's motion to amend (doc. no. 5), the content of which will be read in conjunction with the petition. Of note, the only amendment that Petitioner has set forth is a modification of his prayer for relief such that it includes a request for monetary damages. (See id.)

which he was transported to the Treutlen County Jail on January 5, 2011, where he has since been confined. (Doc. no. 1, p. 17.) It appears from documentation submitted along with the instant petition that Petitioner stands charged with three counts of aggravated assault in the Superior Court of Treutlen County. (Id. at 37, 49.) Petitioner reports that he was indicted on April 18, 2011. (Id. at 25.) It is also apparent based on the attached documentation that Petitioner's bond was set at $100,000 during a March 21, 2011 appearance before a Treutlen County Superior Court Judge. (Id. at 37.)

Petitioner's claims concern allegations of constitutional violations arising from his pretrial detention and state trial court proceedings. In particular, Petitioner claims violations of his right to a speedy trial, his due process right to a timely first appearance,[4] his "right [to] a timely indictment," and his right to effective assistance of counsel. (See id. at 10-30.) Petitioner asserted many of these claims in a grievance submitted to Treutlen County Jail officials that was denied on May 3, 2011. (See id. at 33-42.) Petitioner has also raised these claims in a "Motion to Dismiss Charges" that he appears to have filed *pro se* in his state trial

---

[4]In support of his claim that his due process right to a timely first appearance has been violated, Petitioner cites Bunyon v. Burke County, 285 F. Supp. 2d 1310 (S.D. Ga. 2003) (Bowen, J.). In that case, the Honorable Dudley H. Bowen, Jr., United States District Judge, recognized that Georgia statutes requiring arresting officers to take arrested persons before a judicial officer within a certain time created a constitutionally protected due process interest capable of giving rise to liability under 42 U.S.C. § 1983. See id. at 1321 (citing O.C.G.A. §§ 17-4-21 & 17-4-26). Notably, however, Bunyon involved a § 1983 case in which the plaintiff sought monetary damages for claims based on alleged violations of his constitutional due process rights. See id. at 1313, 1330. Here, as explained infra, the nature of the majority of claims asserted, along with the relief requested for those claims, makes it appropriate to construe the instant petition as a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241. To the extent that Petitioner seeks to recover monetary damages based on the type of due process claim brought in Bunyon, he must file a separate § 1983 case, as he cannot assert such a § 1983 claim alongside his habeas corpus claims in this action. See Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).

court proceedings on April 11, 2011. (See id. at 49-56.) There is no indication that his motion to dismiss has been ruled on.

The relief requested in the instant petition includes dismissal of his underlying criminal case and release from confinement, as well as monetary damages and injunctive relief against various entities and individuals. (See id. at 22-23; doc. no. 5.)

## II. DISCUSSION

First, because Petitioner's claims challenge the legality of his pretrial detention, rather than detention pursuant to a judgment of conviction, his petition is properly brought pursuant to 28 U.S.C. § 2241 rather than § 2254.[5] See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-99 (1973) (addressing § 2241 petition challenging pretrial detention); Hughes v. Attorney General of Fla., 377 F.3d 1258, 1261-62 (11th Cir. 2004) ("The present habeas petition was initially brought pursuant to 28 U.S.C. § 2254. However, because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241."); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (noting that a person held in pre-trial detention should file a § 2241 petition, as opposed to a § 2254 petition, because a pre-trial detainee is not "in custody pursuant to the judgment of a State court" (quoting 28 U.S.C. § 2254(a))). The proper course of action in assessing a pretrial habeas petition improperly brought under § 2254 is to consider the petition as if

---

[5]As noted above, one of the grounds for relief in the petition appears to include an attempt to assert a § 1983 claim for monetary damages based on an alleged violation of his due process right to a timely first appearance. See supra note 4. However, the majority of the grounds for relief relate to the alleged illegality of his pretrial confinement, and that is the focus of the petition as a whole. Accordingly, Petitioner's initial filing is properly construed as a § 2241 habeas corpus petition rather than a § 1983 complaint.

3

brought pursuant to § 2241. Hughes, 377 F.3d at 1262; see also Hiteshaw v. Butterfield, 262 F. App'x 162, 164 (11th Cir. 2008) (*per curiam*) (finding that the district court improperly characterized state pre-trial detainee's federal habeas petition as a § 2254 petition and remanding the case for consideration as a § 2241 petition).

Pretrial § 2241 petitions, like all habeas petitions, are subject to an exhaustion requirement. Id.; see also Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (noting that all habeas corpus actions "require a petitioner to fully exhaust state remedies"); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974)[6] (noting in the context of a pre-trial detainee's federal habeas petition that "[a]lthough federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled"). Specifically, the exhaustion doctrine, "first announced" in Ex parte Royall, 117 U.S. 241 (1886), requires the petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (§ 2254 case). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a "fair opportunity" to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). In order to afford the state courts this "full and fair opportunity" to address his claims, a habeas petitioner "must give

---

[6]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

4

the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

With regard to the claims asserted in the instant petition, Georgia law allows pretrial detainees to raise each of these types of claims either during state criminal proceedings or collaterally in a state habeas corpus action. See Perera v. Miller, 662 S.E.2d 544, 544 (Ga. 2008) (noting that criminal defendants can bring speedy trial claim and ineffective assistance of counsel claims during the course of criminal proceedings); Jackson v. State, 614 S.E.2d 781, 783-84 (Ga. 2005) (ruling on speedy trial claim and due process claim based on preindictment delay; claims initially brought in motion for a new trial and reasserted on direct appeal); Rainwater v. Langley, 587 S.E.2d 18, 19-20 (Ga. 2003) (challenging pretrial detention in state habeas petition); Banks v. Waldrop, 531 S.E.2d 708, 708 (Ga. 2000) (holding that challenge to pretrial detention based on contention of improper denial of bail is properly brought in state habeas petition); McClure v. Hopper, 214 S.E.2d 503, 506 (Ga. 1975) (holding that claim based on denial of a timely first appearance may be cognizable in habeas corpus action). However, Petitioner has not alleged, and there is nothing in the record to suggest, that he filed a state habeas petition challenging his pre-trial detention. Although he does appear to have brought his claims in a motion to dismiss filed in his state criminal proceedings on April 11, 2011, there is no indication that there has been a ruling on such motion, much less that he has invoked a "complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. Therefore, the Court finds that Petitioner has failed to satisfy the exhaustion requirement, and concludes that the instant petition should

be dismissed without prejudice so that Petitioner may exhaust available state remedies.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 22 day of August, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE