ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 SEP 19 A 9 46
CLERK
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| REGINALD CHARLES HARVEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 311-074 |
| | ) | |
| THOMAS H. CORBIN, Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

The above-captioned petition for a writ of habeas corpus, which challenges the legality of Petitioner's pretrial detention,[1] is before the Court on two sets of objections by Petitioner, one relating to the Magistrate Judge's Report and Recommendation ("R&R") issued August 12, 2011, and one relating to an Order issued by the Magistrate Judge on the same day.[2] (Doc. no. 9.) The Court will address each set of objections in turn.

**I. DISCUSSION**

**A. Petitioner's Objections to the August 12, 2011 R&R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's R&R. The Magistrate Judge found that Petitioner had failed to exhaust available

---

[1] Though the instant petition was ostensibly brought pursuant to 28 U.S.C. § 2254, the Magistrate Judge correctly construed it as a petition brought under 28 U.S.C. § 2241. (See doc. no. 7, pp. 3-4.)

[2] While Petitioner's objections relate to two separate decisions by the Magistrate Judge, they were filed as part of the same document. (Doc. no. 59.)

state remedies, and therefore recommended that this case be dismissed without prejudice so that Petitioner could exhaust his claims in the state court system. (See doc. no. 7.) Petitioner objects to being required to exhaust his state remedies, complaining that the state trial court has not acknowledged the motion to dismiss raising the claims at issue here that he appears to have filed *pro se* on or around April 11, 2011. (See doc. no. 1, pp. 49-56; doc. no. 9, pp. 1-5.) Petitioner also objects on the basis of allegedly having been treated unfairly by Respondent with relation to a bond hearing and a grievance, and he asserts that presenting his claims at the state level is futile because Respondent, whose actions are the subject of his claims, "runs the whole court system and county, [and] what he says go[es] . . . ." (See doc. no. 9, pp. 2-3.)

Upon consideration, the Court finds that Petitioner's objections to the August 12th R&R lack merit. The fact that Petitioner has not been immediately successful in raising his claims does not warrant excusing the exhaustion requirement. As explained in the R&R, proper exhaustion requires that Petitioner afford the state courts a "full and fair opportunity" to address his claims "by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Accordingly, the Court **OVERRULES** Petitioner's objections to the R&R.

### B. Petitioner's Objections to the August 12, 2011 Order

Petitioner's remaining objections allege error in the Magistrate Judge's August 12th Order denying Petitioner's motion to appoint counsel (doc no. 3) and "Motion to Examine Police Officer Personnel Files" (doc. no. 4). Because these objections relate to nondispositive matters, the Court will only modify or set aside portions of the Order that are

2

"clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); Loc. R. 72.2; Staley v. Owens, 367 F. App'x 102, 104 n.1 (11th Cir. 2010) (*per curiam*); Knox v. Hayes, 933 F. Supp. 1573, 1575-76 & n.2 (S.D. Ga. 1995) (Edenfield, J.).

Petitioner's objections to the denial of his motion for appointment of counsel consist primarily of reassertions of the grounds for appointing counsel that Petitioner raised in his motion and that the Magistrate Judge soundly rejected, such as the purported need for an experienced attorney to question witnesses and examine restricted evidence. (See doc. no. 7, pp. 5-6.) These objections lack merit for the reasons set forth in the Magistrate Judge's August 12th Order. (See doc. no. 6-1, p. 2.) Moreover, appointment of counsel is inappropriate given the Court's determination that this case is subject to dismissal without prejudice, as explained above.

Petitioner's objections to the denial of his "Motion to Examine Police Officer Personnel Files" are similarly without merit. Therein, Petitioner explains that he "wants to view [Respondent's] police personnel file to show that Respondent [has] been implicated previously in wrongdoing," so that he can "expose the truth of [Respondent's] dishonesty and malicious prosecution . . . and racial prejudice." (Doc. no. 9, pp. 6-7.) However, as explained in detail by the Magistrate Judge, there is no automatic right to discovery in a habeas corpus action, and the speculative nature of Petitioner's request for discovery – along with the fact that this case is subject to dismissal – precludes entitlement to the sought-after discovery. See Bracy v. Gramley, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."); Arthur v. Allen, 459 F.3d 1310, 1310-11 (11th Cir. 2006) ("[G]ood cause for

discovery cannot arise from mere speculation.").

For these reasons, Plaintiff's objections to the Magistrate Judge's August 12th Order are **OVERRULED**.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's objections to the August 12th Order and R&R are **OVERRULED**. Accordingly, the Magistrate Judge's R&R is **ADOPTED** as the opinion of the Court. Therefore, this case is **DISMISSED** without prejudice and **CLOSED**.

SO ORDERED this 19th day of September, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

4